64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Odeh Joseph SALEH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1957.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: LIVELY, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Odeh Joseph Saleh appeals a district court order granting in part and denying in part his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, a jury convicted Saleh of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. Sec. 846, the unlawful use of a telephone in violation of 21 U.S.C. Sec. 843(b), aiding and abetting the distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, aiding and abetting the attempted distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and 18 U.S.C. Sec. 2, being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g), and possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Saleh to 97 months of imprisonment on each count, said sentences to run concurrently with each other, but consecutively to a state court sentence that Saleh was serving. The court also sentenced Saleh to three years of supervised release and imposed a fine of $125,000 and a $300 special assessment. On appeal, this court affirmed Saleh's conviction and sentence. United States v. Saleh, Case No. 89-1375 (6th Cir. Jan. 17, 1990) (unpublished order), cert. denied, 498 U.S. 810 (1990).
 
 
 3
 Saleh subsequently filed a motion to vacate sentence, alleging that: (1) the district court violated Saleh's due process rights by relying on inaccurate and erroneous information contained in Saleh's presentence investigation (PSI) report; (2) Saleh received ineffective assistance of counsel because counsel did not object to the erroneous information in the PSI report; (3) the district court improperly applied a two level enhancement for Saleh's role as an "organizer" or "leader" under USSG Sec. 3B1.1(c); (4) the district court did not adequately address Saleh concerning his right to allocution at sentencing and did not establish that Saleh had reviewed the PSI report with his counsel; (5) Saleh was the victim of outrageous governmental conduct because Saleh was sentenced under the provisions of the United States Sentencing Guidelines, when he should have been sentenced under pre-Guidelines law; (6) the district court erred in sentencing Saleh to 97 months of imprisonment for violating 21 U.S.C. Sec. 843 because that sentence exceeded the statutory maximum by one month; (7) the district court did not adequately address Saleh's ability to pay a fine as required by the Sentencing Guidelines and 18 U.S.C. Sec. 3572; and (8) the district court improperly imposed Saleh's federal sentence to run consecutively with his state court sentence. Following a hearing at which the district court set forth its reasoning, the court concluded that Saleh should only be sentenced to 96 months of imprisonment for the violations of 21 U.S.C. Sec. 843 and altered its judgment of conviction and sentence to 96 months of imprisonment on these counts. The court determined that Saleh's remaining issues were without merit and denied the motion as to those grounds. Saleh has filed a timely appeal. On appeal, he requests permission to proceed in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly denied all of Saleh's claims, except his claim concerning the excessive sentence for the violations of 21 U.S.C. Sec. 843 which the district court granted. As to his remaining claims of nonconstitutional error, the record does not reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). Further, as to his constitutional claim of ineffective assistance of counsel, the record does not reflect an error of constitutional magnitude which had a substantial and injurious effect on the proceedings. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 5
 Initially, we note that, except for his ineffective assistance of counsel claim, Saleh may not now raise his claims in a motion to vacate because he could have raised these claims on direct appeal and he has not shown cause to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Further, as noted below, Saleh was not prejudiced by his failure to previously raise these claims.
 
 
 6
 Accordingly, we grant Saleh's request to proceed in forma pauperis for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.